IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CALVIN BERNARD HAMBRICK, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| FULTON COUNTY and PAUL | : | CIVIL ACTION NO. |
| HOWARD, District Attorney, | : | 1:14-CV-1152-TWT-GGB |
| Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at Augusta State Medical Prison in Grovetown, Georgia. Plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983. (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

Federal courts must screen a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Courts also may dismiss a complaint if the factual allegations do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291

(11th Cir. 2010). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff complains in this action that he was wrongfully convicted of rape, kidnaping, and aggravated assault in Fulton County almost twenty years ago. (Doc. 1 at 3-4.) Plaintiff contends that no forensic evidence connected him to the crime and the victim lied to protect herself when she discovered she was pregnant. (*Id.*) Plaintiff says: "My case never should of went to trial so now I'm claiming false imprisonment." (*Id.* at 3.) He seeks from the State of Georgia one million dollars in damages per year for the eighteen years he has been imprisoned and release from prison. (*Id.* at 4.)

Plaintiff cannot obtain the relief he seeks in this action for at least two reasons. First, release from prison is a remedy available only via a writ of habeas corpus, not a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the "sole federal remedy" when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from .

2

. . imprisonment"). Plaintiff may file a federal habeas action challenging his confinement if he has exhausted his state remedies.[1] *See* 28 U.S.C. § 2254(b)(1). There is no indication in his § 1983 complaint that he has done so.

Second, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Because Plaintiff's complaint in this action is that he is wrongfully imprisoned for a crime he did not commit, success on his claim would necessarily demonstrate the invalidity of his sentence of confinement. That sentence has not

---

[1] To exhaust state remedies, a prisoner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure and "complete" the process by giving the state courts a "full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). That includes pursuing challenges to state judgments through the appeals process in the state appellate courts. *See Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976).

been invalidated as Plaintiff is still confined under the sentence. This action is thus barred under *Heck*.

An action that is barred under *Heck* should be dismissed with prejudice. *Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995). However, if a plaintiff "eventually satisfies the precondition to a valid claim under *Heck*," i.e., invalidation of his conviction or sentence, he is permitted to raise that claim in a new civil rights action. *Id.* at 1065-66 & n.3 ("[A] 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED** this   13th   day of   May  , 2014.

                                                */s/ Gerrilyn G. Brill*
                                                GERRILYN G. BRILL
                                                UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)